Bobbie Griffitts v. Life Partners
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-00271-CV

     BOBBIE J. GRIFFITTS,
                                                                              Appellant
     v.

     LIFE PARTNERS, INC.,
                                                                              Appellee
 

From the 19th District Court
McLennan County, Texas
Trial Court # 2000-3235-1
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      This appeal concerns a suit for the rescission of Griffitts’s purchase of interests in life
insurance policies from Life Partners, Inc. Griffitts pleaded that Life Partners’ offer of the
policies violated requirements of Texas’s Securities Act. See Tex. Rev. Civ. Stat. Ann. arts.
581-1 through 581-43 (Vernon 1964 & Supp. 2004). The parties filed motions for summary
judgment. The trial court granted Life Partners’ motion and denied Griffitts’s. Griffitts
appeals. We will affirm.
      A party is entitled to summary judgment only if it shows that there is no genuine issue of
material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c);
Tex. Commerce Bank, N.A. v. Grizzle, 96 S.W.3d 240, 252 (Tex. 2002).
      Here, the trial court’s ruling was on two grounds. First, the court held that “the right in
life insurance policies or portions thereof purchased by [Griffitts] are not securities under the
Texas Securities Act, because they are not ‘investment contracts’, ‘notes’, or ‘evidence of
indebtedness’ within the meaning of the Act.” See Tex. Rev. Civ. Stat. Ann. art. 581-4
(Vernon Supp. 2004) (defining security). Furthermore, the court held that “life insurance
policies purchased through Life Partners are expressly excluded from the definition of
securities under the Texas [S]ecurities Act by virtue of article 581-4A, which excludes ‘any
contract or agreement in relation to and in consequence of’ any life insurance policy.” See id.
art. 581-4(A).
Securities
      The trial court granted summary judgment on the ground that Griffitts’s interests in life
insurance policies did not constitute securities. Griffitts does not show that the court erred.
      The Securities Act’s definition of “security” includes, in relevant part, “any . . . note . . .
or other evidence of indebtedness, . . . [or] investment contract . . . .” Tex. Rev. Civ. Stat.
Ann. art. 581-4(A). The Act provides for rescission of the sale of an unregistered security or
of the sale of a security by an unregistered dealer. Id. art. 581-33(A)(1) (Vernon Supp. 2004). 
      Griffitts does not show that the trial court erred in concluding that Griffitts’s interests in
life insurance policies did not constitute securities.
Investment Contracts
      First, the trial court concluded that Griffitts’s life insurance policy interests did not
constitute investment contracts. The court did not err.
      “The test” for investment contracts “is whether the scheme involves an investment of
money in a common enterprise with profits to come solely from the efforts of others.” Searsy
v. Commercial Trading Corp., 560 S.W.2d 637, 640 (Tex. 1977) (quoting SEC v. W.J. Howey
Co., 328 U.S. 293, 301 (1946)). This test implicates two interrelated factors relevant in the
instant cause. First, a “common enterprise is ‘one in which the fortunes of the investor are
interwoven with and dependent upon the efforts and success of those seeking the investment or
of third parties.’” First Mun. Leasing Corp. v. Blankenship, Potts, Aikman, Hagin & Stewart,
P.C., 648 S.W.2d 410, 416 (Tex. App.—Dallas 1983, writ ref’d n.r.e.) (quoting SEC v. Glenn
W. Turner Enters., Inc., 474 F.2d 476, 482 n.7 (9th Cir. 1973)); see Searsy at 640. The test,
in turn, for whether profits “come solely from the efforts of others” is “whether the efforts
made by those other than the investor are undeniably significant ones, those essential
managerial efforts which affect the failure or success of the enterprise.” Searsy at 641
(quoting Glenn W. Turner Enters., 474 F.2d at 482).
      Where a promoter merely holds an investment in anticipation of appreciation or maturity,
no enterprise exists. Wilson v. Lee, 601 S.W.2d 483 (Tex. Civ. App.—Dallas 1980, no writ);
McConathy v. Dal Mac Commercial Real Estate, Inc., 545 S.W.2d 871, 875 (Tex. Civ.
App.—Texarkana 1976, no writ); SEC v. Life Partners, Inc., 87 F.3d 536, 545-48 (D.C. Cir.
1996). This is so even though the promoter may perform some ministerial functions. For
instance, in McConathy, the promoter, an organizer of joint ventures in real estate, undertook
the functions of “insuring the property, paying the taxes and the like” while the investors
awaited the property’s appreciation in value. McConathy at 875. The court held that these
functions were “not for profit, but solely to protect and preserve the investment.” Id.
      This is so even if the promoter undertakes some pre-investment efforts. For example, in
McConathy, the promoter “investigate[d] the location, zoning and price to fair market value
ratio” of real estate before organizing and selling joint ventures in the property. McConathy,
545 S.W.2d at 873. Nonetheless, the court held that the promoter did not undertake
managerial efforts that would affect the profitability of a venture. Rather, in such a case the
enhancement in the value of the land took place by virtue of “its location and the normal
appreciation of neighborhood land values,” and not because of any efforts by the promoters. 
Id. at 875.
      Likewise, in the instant cause, the profitability of Griffitts’s interests in life insurance
policies is not determined by any managerial efforts on the part of Life Partners, but is
determined by the mortality of the insureds. See Life Partners, 87 F.3d at 545-46. Griffitts
points to Life Partners’ efforts prior to her purchase, such as locating, researching, and
evaluating the policies; and to the post-purchase efforts of the trust company that held and
managed the policies, such as paying the policy premiums and filing evidence of death with the
insurance company. After Griffitts paid Life Partners its commission, however, Griffitts and
Life Partners shared no common interest in the profitability of the policies. And any
ministerial post-purchase efforts on the part of Life Partners or the trust company could have
no effect on the profitability of the policies, which was overwhelmingly determined by how
long the insured lived. Id. Thus, Griffitts did not participate with Life Partners in a common
enterprise whose profits came solely from Life Partners’ efforts.
      Accordingly, the trial court did not err in concluding that Griffitts’s interests in life
insurance policies did not constitute investment contracts.
Notes
      The trial court also found that Griffitts’s life insurance policy interests did not constitute
notes. Griffitts does not show that the court erred.
      Griffitts purchased her interests in the life insurance policies from her individual
retirement account (“IRA”) by the use of promissory notes secured by the proceeds of the
policies. When the insurance company paid the insured’s death benefits, the trust company
paid the note.
      The use of a note to purchase an interest in a life insurance policy does not convert that
interest, which is otherwise not a security, into a security. See Life Partners, 87 F.3d at 548-49. The purpose of the use of a note is avoid running afoul of tax law restrictions on
investments by an IRA in insurance policies on the life of a person other than the holder of the
IRA. Id.
      Griffitts argues that we should use the analysis in Reves v. Ernst & Young to determine
whether her interests in life insurance policies constituted notes. See Reves v. Ernst & Young,
494 U.S. 56 (1990). Griffitts misapplies the Reves analysis. Griffitts applies the analysis to
the life insurance policies themselves, not to the promissory notes that she used in the purchase
of interests in the policies. For example, one of the Reves factors is “the ‘plan of distribution’
of the instrument” and “whether it is an instrument in which there is ‘common trading for
speculation or investment.’” Id. at 66 (quoting SEC v. C.M. Joiner Leasing Corp., 320 U.S.
344, 351, 353 (1943)). Griffitts points to summary judgment evidence that Life Partners had
“thousands of investors”; however, she does not point to evidence that these investors used
promissory notes.
      Accordingly, Griffitts does not show that the trial court erred in concluding that Griffitts’s
interests in life insurance policies did not constitute notes.
“Other Evidences of Indebtedness”
      The trial court also concluded that Griffitts’s life insurance policy interests did not
constitute “other evidences of indebtedness.” See Tex. Rev. Civ. Stat. Ann. art. 581-4(A). 
Griffitts does not show that the court erred.
      Griffitts scarcely argues this theory in less than a page. Griffitts notes that the Act’s term
“other evidence of indebtedness” is ejusdem generis of the Act’s phrase, “note, bond,
debenture, mortgage certificate.” Griffitts Br. at 43 (citing Thomas v. State, 3 S.W.3d 89, 93
(Tex. App.—Dallas 1999), aff’d, 65 S.W.3d 38 (Tex. Crim. App. 2001)). Griffitts apparently
argues that viatical settlements are similar to mortgage certificates, and cites Searsy in
connection with mortgage certificates; however, Searsy does not concern mortgage certificates. 
See id. at 43-44 (citing Searsy, 560 S.W.2d at 641-42). Griffitts does not otherwise argue that
viatical settlements are similar to mortgage certificates so as to constitute evidences of
indebtedness.
      Accordingly, Griffitts does not show that the trial court erred in concluding that Griffitts’s
interests in life insurance policies did not constitute evidences of indebtedness.
      The trial court concluded that Griffitts’s interests in life insurance policies did not
constitute securities on any of three theories. Griffitts does not show that the court erred as to
any of those theories. Therefore, Griffitts does not show that the trial court erred in
concluding that Griffitts’s interests in life insurance policies did not constitute securities.
Insurance Contracts
      The trial court also granted summary judgment on the ground that Griffitts’s interests in
life insurance policies fell within an insurance product exception to the definition of securities. 
The Securities Act excludes from the definition of security
any insurance policy, endowment policy, annuity contract, optional annuity contract,
or any contract or agreement in relation to and in consequence of any such policy or
contract, issued by an insurance company subject to the supervision or control of the
Texas Department of Insurance when the form of such policy or contract has been
duly filed with the Department as now or hereafter required by law.

Tex. Rev. Civ. Stat. Ann. art. 581-4(A). Since we find that the trial court did not err in
concluding that Griffitts’s interests in life insurance policies did not constitute securities, we do
not decide whether those interests are excepted from the definition of securities.
Conclusion
      Accordingly, Griffitts does not show that the trial court erred in rendering summary
judgment against Griffitts.
      The vast majority of Griffitts’s argument is devoted to Life Partners’ motion for summary
judgment. Griffitts scarcely argues her own motion. For the reasons stated above, Griffitts
does not establish that the trial court erred in concluding that Griffitts’s interests in life
insurance policies did not constitute securities. However, even if Griffitts’s interests in life
insurance policies could, as a matter of law, constitute securities, Griffitts does not show that
she is entitled to judgment as a matter of law.
      We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



(Justice Vance dissents with note: I would find that the viatical settlement contracts
and notes are securities under the Searsy-Howey four-pronged test and the Reves test. 
Searsy v. Commercial Trading Corp., 560 S.W.2d 637, 639-40 (Tex. 1977); Grotjohn
Precise Connexiones Int’l, S.A. v. JEM Financial, Inc., 12 S.W.3d 859, 868 (Tex.
App.—Texarkana 2000, no pet.).)
Affirmed
Opinion delivered and filed May 26, 2004
[CV06]